IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAYENDRAKUMAR BABUBHAI PATEL**                                                **PLAINTIFF**

**V.**                                                                      **CIVIL CAUSE NO. 1:25-cv-51-MPM-DAS**

**KIKA SCOTT, ACTING DIRECTOR**
**OF U.S. CITIZENSHIP AND IMMIGRATION**
**SERVICES**                                                                                      **DEFENDANT**

## **ORDER**

On April 10, 2025, a Complaint for Writ of Mandamus was filed by Jayendrakumar Babubhai Patel, Rajeshriben Jayendrakumar Patel, and T-J-P-. Doc. 1. The Complaint identifies each of these individuals as plaintiffs in this action, however, the Complaint is only signed by Jayendrakumar Babubhai Patel.

Federal Rule of Civil Procedure 11(a) states "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Additionally, this court's Administrative Procedures for Electronic Case Filing, Section III(D) specifies that "[a]ll pleadings filed by a pro se party will be signed by a handwritten, "wet" signature." Because the Complaint only contains the wet signature of Jayendrakumar Babubhai Patel, the case style herein identifies Mr. Patel as the sole named plaintiff in this action. To the extent the Complaint seeks relief on behalf of Rajeshriben Jayendrakumar Patel and T-J-P-, these individuals are directed to submit an amended pleading bearing their handwritten, "wet" signatures.

However as to T-J-P-, the Complaint states "Plaintiff T-J-P- is the derivative child of Mr. Patel and has a derivative U-visa application pending before USCIS." While the Complaint does not specify whether T-J-P is a minor child, a minor child does not have the capacity to sue on his

or her own behalf. *See* Fed. R. Civ. P. 17(c)(2) ("A minor … who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). When a minor child attempts to sue without a next friend or guardian ad litem, a court should either (1) dismiss the case without prejudice so that the minor can refile with representation or refile when he or she reaches the age of majority, or (2) request counsel to represent the minor pursuant to 28 U.S.C. § 1915(e)(1) if the minor is indigent and the case presents "exceptional circumstances." *Pierson v. Allen*, 2009 WL 3049220, at *3 (S.D. Miss. Sept. 17, 2009); *see Osei-Afriyie v. Medical College*, 937 F.2d 876, 883 (3d Cir. 1991) (remanding case to district court to determine whether dismissal or appointment of counsel pursuant to 28 U.S.C. § 1915 was appropriate after concluding minor could not be represented by pro se parent); *see also Bohannan v. Doe*, 527 F. App'x 283, 288 (5th Cir. 2013) ("A civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances.").

    To the extent T-J-P- is a minor who, as of the date the Complaint was filed, had not reached the age of majority and is not represented by counsel, he or she must sue by a next friend or guardian. An amended pleading should either establish T-J-P-'s capacity to sue or assert his claims by next friend or guardian.

    Accordingly, the parties to this action have 14 days to submit an amended complaint bearing the wet signatures of each individual plaintiff and asserting T-J-P-'s capacity to sue or asserting his claims by next friend or guardian. If an amended pleading is not filed within 14 days, the undersigned will recommend Rajeshriben Jayendrakumar Patel's and T-J-P-'s claims be dismissed without prejudice.

    **SO ORDERED**, this the 14th day of April, 2025.

                                           **/s/ David A. Sanders**
                                           **UNITED STATES MAGISTRATE JUDGE**